UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ALLSTATE VEHICLE AND<br>PROPERTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>MATTHEW S. RICHARDSON, and<br>SHEILA SMITH, PERSONAL<br>REPRESENTATIVE OF THE ESTATE<br>OF JOSHA C. SMITH,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) CASE NO. 3:18-CV-204-PPS-MGG<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## OPINION AND ORDER

This is a declaratory judgment action filed by Allstate Vehicle and Property Insurance Company, seeking a declaration that it does not owe any indemnity or duty to defend to defendant Matthew Richardson in separate lawsuit filed in Indiana state court. That separate lawsuit is a wrongful death action, brought against Richardson by the Estate of Joshua C. Smith. Before me are two motions, defendant Richardson's Motion to Dismiss or in the Alternative Stay the Proceedings [DE 50], and plaintiff Allstate's Motion for Summary Judgment [DE 62.] For the reasons outlined below, I will deny Richardson's motion to dismiss/stay and grant Allstate's motion for summary judgment on its declaratory judgment claims.

**Background**

This case began with a road rage incident which occurred on December 18, 2015. After the incident—and the exact timeline of events and reasons for them remain

-1-

unclear—Richardson drove home and Joshua C. Smith, the other motorist, drove to the same address. From there things got tragic. There was an altercation between Smith and Richardson, and at some point, Richardson came outside of his home with a loaded firearm. A bullet was fired from Richardson's gun which struck Smith in his femoral artery. Smith later died from his injuries.

Richardson was charged with multiple crimes. He proceeded to trial, and Richardson was found guilty of and convicted of murder under Indiana Code 35-42-1-1(1) and pointing a firearm at another under Indiana Code 35-47-4-3(b). Specifically, Richardson was found to have "knowingly or intentionally kill[ed] another human being." I.C. 35-42-1-1(1). As a result of these convictions, Richardson was sentenced to 55 years in prison. [DE 64-6 at 4 (Def.'s Resps. to Pl.'s Reqs. for Admissions).] Richardson remains in prison at this time.

Richardson appealed his criminal convictions, but his appeal was dismissed with prejudice by the Court of Appeals of Indiana on September 28, 2017. [DE 52-1.] The dismissal order indicates that the appeal was dismissed because Richardson failed to timely file his brief. There is no evidence that Richardson sought review of his conviction or the Court of Appeals' order with the Indiana Supreme Court. Nor is there evidence that he has filed any other post-conviction relief, let alone any such relief that has been granted.

On August 24, 2017, (after the time for Richardson to file his brief had expired), the Estate of Joshua C. Smith filed a wrongful death action against Richardson. In this lawsuit, Smith's estate alleges that Richardson "accidentally" shot Smith and that

Smith's death was "directly and proximately caused by the negligent act of Richardson discharging the semi-automatic rifle and striking Smith in the leg." [DE 64-3, Wrongful Death Compl. at ¶¶ 10, 13.] Allstate has provided counsel to Richardson in that case, under a reservation of rights, and at present, the case has not proceeded much beyond the pleading stage.

On March 22, 2018, Allstate filed this lawsuit, claiming it has no duty to defend or duty to indemnify Richardson because the conduct at issue in the wrongful death lawsuit is excluded under the relevant insurance policy. [DE 1.] The insurance policy at issue contains the following exclusion:

> We do not cover any bodily injury or property damage intended by, or which may reasonably be expected to result from the intentional or criminal actions omissions of, any insured person. The exclusion applies even if:
> such insured person lacks the mental capacity to govern his or her conduct;
> such bodily injury or property damage is of a different kind or degree than intended or reasonably expected; or
> such bodily injury or property damage is sustained by a different person than intended or reasonably expected. This exclusion applies regardless of whether or not such insured person is actually charged with, or convicted of a crime.

[DE 64-2 at 51, 53.] The parties all agree that the terms of the insurance policy control; the question is simply whether, as a matter of undisputed fact, Richardson's conduct is excluded (entitling Allstate to summary judgment) or if fact issues remain to be decided, either in this court, or before an Indiana state court (in which case the matter likely will need to be stayed or dismissed).

## Discussion

### I. Richardson's Motion to Dismiss or Stay

Richardson, proceeding without a lawyer, has filed a document titled "Defendant's Objections and Responses to Plaintiff's Request for Admissions and Production of Documents and a Motion to Dismiss or, in the Alternative to Stay the Proceedings." [DE 50.] While this filing covers a lot of bases, it is at bottom, a request to stay this case while Richardson tries to have his conviction overturned in state court. Given the requested relief, it makes sense to address this motion before Allstate's motion for summary judgment.

The basis for Richardson's request that these proceedings be stayed is a species of the doctrine known as *Younger* abstention. *Younger* abstention is a court-created doctrine which holds that federal courts cannot, except with very limited possible exceptions not at issue here, enjoin ongoing state criminal proceedings. *Younger v. Harris*, 401 U.S. 37, 46 (1971). The main thrust of Richardson's motion is that in his criminal case, he had ineffective assistance of counsel and that once this fact is proven, it will entitle him to a new trial at which he will prevail. The problem for Richardson is both simple and fatal: his appeal of his state court conviction was dismissed with prejudice by the Court of Appeals of Indiana on September 28, 2017. *See Richardson v. State*, Cause No. 64A05-1705-CR-1178 [DE 52-1.] His conviction is thus final, and while Richardson implies in his motion that he will be seeking some sort of post-conviction relief, no such relief has been sought. Presumably the basis for that relief would be that Richardson's counsel's failure to file his appellate brief constituted ineffective assistance

of counsel, and Richardson may have a valid argument. *See Clay v. Director, Juvenile Division, Dept. of Corrections,* 749 F.2d 427, 431 (7th Cir. 1984) ("Failure by an attorney to perfect an appeal where the client has indicated a desire to appeal amounts to ineffective assistance of counsel."). But "may" is not enough to stay this case.

Richardson included in his opposition to summary judgment a letter from attorney (Brian Woodward) dated December 12, 2018 which discusses the possibility of seeking post-conviction relief (and the possibility of a civil suit against Richardson's criminal counsel who failed to perfect his appeal). [DE 66-2.] It has been approximately six months, but Richardson has not notified the court that he has filed any petition for post-conviction relief. Nor has my own review of Indiana state court electronic dockets indicated that any post-conviction relief has been sought. Thus, there are no *ongoing* state criminal proceedings which would be threatened by me considering this case. *See Tobey v. Chibucos*, 890 F.3d 634, 651 (7th Cir. 2018) ("Federal courts generally may not intervene in ongoing state criminal proceedings."); *see also Samuels v. Mackell*, 401 U.S. 66, 72-73 (1971) (holding that federal courts should not issue declaratory judgments which would impermissibly interfere with ongoing state criminal prosecutions). And I cannot delay consideration of the matter simply because Richardson told me six months ago that he would do something which he has so far failed to do.

Beyond Richardson's underlying criminal case, there is of course another live lawsuit pending which overlaps with the case before me. That is the state court wrongful death lawsuit filed by Smith's estate which is presently pending before the Superior Court of Porter County, Indiana. The analysis is distinct from the above

*Younger* abstention question and Richardson does not fully flesh out this argument, but I will nonetheless address it.

To determine whether I, a federal district court judge, should yield or abstain from deciding the issues in the case before me on account of a pending state court case which touches upon similar issues is known generally as *Colorado River* abstention. *See generally Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). In the context of a potential conflict between a state case and a federal Declaratory Judgment Act case, such as this one, the question is also known as a question of *Wilton/Brillhart* "abstention."[1] As with all of these related doctrines, the goal is to avoid "gratuitous interference with the orderly and comprehensive disposition of a state court litigation" by federal courts. *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942). Of course, "the mere pendency of another suit is not enough in itself to refuse a declaration." *Sears, Roebuck & Co. v. Zurich Ins. Co.*, 422 F.2d 587, 590 (7th Cir. 1970). Instead, to determine whether or not to exercise my discretion, the Seventh Circuit has instructed me to review "the overlap between the federal and state proceedings in light of the substantive law that informed the declaratory judgment action and the underlying liability case." *Med. Assur. Co. v. Hellman*, 610 F.3d 371, 379 (7th Cir. 2010).

---

[1] As the Seventh Circuit has noted, "[u]se of the term 'abstention,' however, is not entirely accurate, as it normally refers to a group of judicially-created doctrines. The decision to stay an action under the Declaratory Judgment Act does not require the court to reach for a judicially-created abstention doctrine. Rather, the Act itself provides the district court with the necessary discretion. And unlike *Colorado River* abstention, discretion under the Declaratory Judgment Act does not turn on the existence of parallel proceedings." *Hellman*, 610 F.3d at 378–79 (7th Cir. 2010).

As part of this inquiry, I must consider whether the parties to the two actions are identical, whether going forward with the declaratory action will serve a useful purpose in clarifying the legal obligations and relationships among the parties or will merely amount to duplicative and piecemeal litigation, and whether comparable relief is available to the plaintiff seeking a declaratory judgment in another forum or at another time. *Nationwide Ins. v. Zavalis*, 52 F.3d 689, 692 (7th Cir. 1995).

In answering this question, *Zavalis* is on all fours with the question of Allstate's duty to defend in this case. In *Zavalis*, an insurer filed a declaratory judgment in federal court regarding its alleged duty to defend and duty to indemnify in a state court lawsuit under a homeowners' insurance policy. The underlying state court lawsuit concerned a prank by students at the University of Illinois Champaign-Urbana who snuck into the University's stadium at night, sprayed lighter fluid on the field (apparently to burn the lets "F-O-O" into it), set the astroturf ablaze, and accidentally let the fire spread out of control, causing major damage to the stadium. The University sued the students in Illinois state court. *Zavalis*, 52 F.3d at 690-91. The district court, relying upon its discretion under the Declaratory Judgment Act, dismissed the federal lawsuit, but the Seventh Circuit reversed because the insurer's "declaratory suit present[ed] a dispute that [was] fundamentally distinct from the matters before the state court." *Id.* at 692.

For the same reasons, the same result is required here. The purpose of the pending state court wrongful death suit filed by Smith's estate is to determine whether Richardson is responsible, in tort, for Smith's death. Allstate is not a party to the

wrongful death suit against Richardson. The purpose of the lawsuit before me, however, is to determine what obligations Allstate, as insurer, owes Richardson, the insured. That issue is not before the state court suit. Thus, dismissal or abstention as to the issue of Allstate's duty to defend is not required or necessary here.

That said, in *Zavalis*, the Seventh Circuit affirmed the district court's decision not to reach the matter of the insurer's duty to indemnify because "resolution of that duty would necessarily require [the district court] to address a factual question at the heart of" the related state court case. *Zavalis*, 52 F.3d at 693. "When the underlying facts and the nature of the insured's conduct are disputed, the court presiding over the declaratory action typically cannot decide whether the insured acted negligently or intentionally (and consequently whether he has coverage or not) without resolving disputes that should be left to the court presiding over the underlying tort action." *Id.* In that case, the question was whether fire damage caused to a football field was intentional or expected and thus beyond the policy.

At first blush, that seems quite like the question before the state court in the wrongful death lawsuit filed by Smith's estate. But as discussed below, answering that question does not require me to address any disputed factual matters at the heart of the underlying lawsuit, just as the state court will not have to either. That is because, as a matter of collateral estoppel, whether Richardson acted intentionally in discharging the firearm which led to Smith's death has already been fully litigated in Richardson's underlying criminal trial. This type of situation was specifically recognized by the Seventh Circuit in *Zavalis* as the type of case in which a district court need not refrain

from deciding the issue of an insurance company's duty to defend. *Id.* at 694 ("In other instances, where the underlying circumstances are either undisputed *or, in light of previously established facts, beyond dispute*, a court may be able to make a ready determination as to the insured's actual conduct and evaluate the duty to defend accordingly.") (emphasis added) (citing *Allstate Ins. Co. v. Carioto*, 551 N.E.2d 382, 386-89 (Ill. App. 1990)).

## II. Allstate's Motion for Summary Judgment

Now onto the main event: Allstate's motion for summary judgment which seeks to resolve this case in its entirety in Allstate's favor without a trial. The familiar standards of summary judgment apply. Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute as to material facts exist only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In deciding if a dispute of material fact exists, I take "all facts and reasonable inferences from the record in the light most favorable to [] the non-moving party." *Moser v. Ind. Dep't of Corr.*, 406 F.3d 895, 900 (7th Cir. 2005). A declaratory judgment action concerning the construction of an insurance policy is a frequent example of a type of case ripe for disposition on summary judgment.

An insurance policy is a species of contract and in Indiana, the same rules of construction apply as they would to any other contract. *Bradshaw v. Chandler*, 916 N.E.2d 163, 166 (Ind. 2009). The interpretation of contracts is a question of law for the

court to decide. In performing that task, my goal is to determine and enforce the parties' intent as it appears from the four corners of the insurance policy. *Buckeye State Mut. Ins. Co. v. Carfield*, 914 N.E.2d 315, 318 (Ind. Ct. App. 2009). If insurance policy language is clear and unambiguous, it is given its plain and ordinary meaning. *Reuille v. E.E. Brandenberger Constr., Inc.*, 888 N.E.2d 770, 771 (Ind. 2008). Absent some ambiguity or other issue, I cannot rewrite the terms of the insurance policy or extend coverage beyond what the policy's plain language contemplates. *Med. Assur. Co. v. Weinberger*, 973 F. Supp. 2d 925, 36 (N.D. Ind. 2013) (citing *Am. States Ins. v. Adair Indus.*, 576 N.E.2d 1272, 1273 (Ind. Ct. App. 1991)).

Allstate's argument is a straightforward one. Richardson's policy has an exclusion for intentional and criminal acts and his actions which led to Smith's untimely death were both intentional and criminal. And while Richardson maintains (and the underlying lawsuit by Smith's estate alleges) that the gunshot was an accident, Allstate says that argument is foreclosed as a matter of settled fact and law by Richardson's criminal conviction for murder.

Allstate's argument is one of collateral estoppel, also known as issue preclusion. Collateral estoppel is a necessary part of our justice system as a means of avoiding endless litigation over the same facts before multiple courts. It is not uncommon for multiple courts or tribunals to be asked to decide the same factual issue as to the same parties. In our system, when that happens, the decision of the first court must be followed by any second (or third) court, so long as the issue is one that was actually decided by the first court with a full and fair opportunity to litigate the issue. It is not a

doctrine to be used as a trap against unsophisticated litigants or parties which have no incentive or ability to litigate the issue in the first court, but it is to be used to discourage parties who lose before one court from shopping around and hoping for a second bite at the apple in front of another tribunal. *See B & B Hardware, Inc. v. Hargis Indus., Inc.*, 135 S. Ct. 1293, 1298–99 (2015). "For collateral estoppel to apply, four elements must be met: '(1) the issue sought to be precluded must be the same as that involved in the prior litigation, (2) the issue must have been actually litigated, (3) the determination of the issue must have been essential to the final judgment, and (4) the party against whom estoppel is invoked must be fully represented in the prior action.'" *Meyer v. Rigdon*, 36 F.3d 1375, 1379 (7th Cir. 1994) (citation omitted).

Once again, the Seventh Circuit has addressed these issues in a very analogous case. In *Wolverine Mutual Ins. v. Vance ex rel. Tinsley*, 325 F.3d 939, 941 (7th Cir. 2003), after an altercation outside of a home, one man shot another—although thankfully the man survived. A jury subsequently found the shooter guilty of attempted murder. Under Indiana law, specific intent is an element of attempted murder. *Id.* at 942. The victim filed a tort lawsuit in Indiana state court, and the provider of the shooter's homeowners' insurance policy filed a declaratory judgment action in federal court, seeking a declaration that it owed no duty to defend or indemnify. The district court granted summary judgment in favor of the insurer because the shooter's criminal conviction, which required a finding of specific intent, meant that his actions were excluded under the plain language of the insurance policy. *Id.* The Seventh Circuit

affirmed, finding that the shooter had every "incentive and opportunity to litigate the issue of intent in his previous criminal prosecution." *Id.* at 943.

Also instructive is the Court of Appeals of Indiana' decision in *Meridian Insurance Co. v. Zepeda*, 734 N.E.2d 1126 (Ind. Ct. App. 2000). There, the Court of Appeals of Indiana likewise blessed the use of collateral estoppel as an offensive tool by an insurance company against its insured in a declaratory judgment action to exclude "expected or intended acts" from coverage after the insured had been convicted of aggravated battery. And like the insured in *Zepada* (and *Wolverine Mutual*), Richardson had every incentive and opportunity to litigate his intent or alleged lack thereof in his criminal trial. 734 N.E. at 1130; *see also Snodgrass v. Baize,* 405 N.E.2d 48, 55 (Ind. Ct. App. 1980) (holding that evidence of a previous criminal conviction for intentional conduct was enough to uphold trial court's finding in subsequent civil suit that defendant had acted intentionally).

Here, the four required elements of collateral estoppel have been met. Whether Richardson acted "knowingly or intentionally" when he fired the gun was at issue in his murder trial and is the key issue before me as to whether his conduct is excluded under the policy. Second, there is no doubt that this issue was actually litigated; Richardson stood trial and a jury convicted him of murder. Third, the issue of whether Richardson acted "knowingly or intentionally" was essential to the jury's verdict that Richardson was guilty of murder because that requisite state of mind is what differentiates murder from other forms of homicide such as manslaughter. Finally, Richardson was represented by counsel at his murder trial and while he tells me his

counsel was ineffective (but no court has had an opportunity to examine that issue), his arguments center on his appellate counsel's failure to file a brief with the Court of Appeals of Indiana—a wholly separate matter. As such, all four elements of collateral estoppel are met here and Allstate is entitled to summary judgment on its declaratory judgment claim that it owes no duty to defend or duty to indemnify Richardson in the wrongful death lawsuit brought by Smith's estate in Indiana state court.

It is worth mentioning how, practically speaking, my decision affects Smith's estate and the state court wrongful death lawsuit. Again, *Wolverine Mutual* and *Zepeda* are instructive. On the collateral estoppel issue, my decision here will have little if any effect on Smith's estate's ability to hold Richardson liable in the wrongful death action. Because the criminal case in which Richardson was found guilty of murder was an action between the state of Indiana and Richardson, it cannot be used against Smith or his estate. Neither Smith, as the victim, or his estate has had a prior opportunity to litigate the issue of Richardson's intent. *Zepada*, 732 N.E. at 1128, 1131-32. Thus, the findings of the jury at Richardson's criminal trial cannot be used against Smith's estate. Practically speaking, this may not have much effect at all on liability in the state court case, as Richardson would presumably be liable to Smith's estate whether he acted purposefully, negligently or something in between. I.C. 34-32-1-1; *Pickens' Estate v. Pickens*, 263 N.E.2d 151, 158 (Ind. 1970) (noting wrongful death may be actionable based on either intentional or negligent conduct). But that is not for me to decide and must be left to the state court.

Furthermore, Smith's estate did not oppose or respond to the motion for summary judgment, despite being a party to this lawsuit. Even still, if it wishes to appeal my decision, they have standing to appeal my decision that Allstate has no duty to indemnify Richardson—although by not opposing summary judgment it may have issues of waiver. Smith's estate, however, lacks "standing to appeal the district court's finding that [Allstate] does not have a duty to defend [Richardson]." *Wolverine Mutual*, 325 F.3d at 942; *Grinnell Mutual Reinsurance Co. v. Reinke,* 43 F.3d 1152, 1153 (7th Cir. 1995) (holding that a tort victim may appeal from a declaration that an insurance policy excludes coverage even if the insured does not participate in the appeal). And of course, my decision today does not deprive Smith's estate of any remedy. It may still obtain damages against Richardson if it prevails in state court. But defending that lawsuit and indemnifying Richardson for any damages he is ordered to pay, will not be the responsibility of Allstate. *See Wolverine Mutual*, 325 F.3d at 944.

## Conclusion

For the foregoing reasons, Defendant Matthew Richardson's Motion to Dismiss or in the Alternative Stay the Proceedings [DE 50] is DENIED; and Plaintiff Allstate Insurance's Motion for Summary Judgment [DE 62] is GRANTED. As this order resolves all the pending claims in this case, the Clerk is directed to CLOSE this case.

SO ORDERED on May 15, 2019.

/s/   Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT