UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| ALLSTATE VEHICLE AND | ) |
| PROPERTY INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 3:18-CV-204-PPS-MGG |
| | ) |
| MATTHEW S. RICHARDSON, and | ) |
| SHEILA SMITH, PERSONAL | ) |
| REPRESENTATIVE OF THE ESTATE | ) |
| OF JOSHUA C. SMITH, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Defendant Matthew Richardson has filed multiple motions asking me to reconsider or amend my prior order granting summary judgment in favor of plaintiff Allstate Vehicle and Property Insurance Company. [DE 71, 72, 75, 76.] I previously granted Allstate's motion for summary judgment on its declaratory judgment claim that it does not owe any indemnity or have a duty to defend to Richardson in separate wrongful death suit pending in Indiana state court. [DE 69.] That order also denied Richardson's motion for a stay of these proceedings because he said he intended to seek collateral review of his state criminal conviction. [*See* DE 50.]

For the reasons discussed below, and as alluded to in the previous summary judgment opinion, the fact Richardson is seeking review of his underlying criminal conviction does not impact the collateral estoppel effect of his criminal conviction for

-1-

purposes of this lawsuit. His conviction stands, is final, and has not been disturbed, amended, or reversed by any court. Accordingly, I will deny his motions to reconsider.

## Background

Allstate filed this declaratory judgment action in order to obtain a declaration that it did not owe a duty of indemnity or duty to defend Richardson in a wrongful death action filed against him in Indiana state court. [DE 1.] That wrongful death suit was filed by the estate of Joshua Smith, an individual who Richardson was convicted of murdering. [*Id.*]

On May 15, 2019, I issued an opinion and order denying Richardson's motion for a stay and granted Allstate's motion for summary judgment. [DE 69.] The basis for that ruling was that under the applicable homeowner's insurance policy, Allstate owed no duty to indemnify or defend for intentional acts and Richardson had been convicted by a jury of intentionally killing Smith. And because the issue of intentional killing had been actually litigated and was necessary for the jury to convict Richardson of the crime, it was given preclusive effect (*i.e.*, collateral estoppel). [*Id.*]

After that, Richardson, still proceeding *pro se* before me, filed two Motions to Alter or Amend the Judgment pursuant to Federal Rule of Civil Procedure 59(e). [DE 71, 72.] Richardson, later supplemented those with a "Notice of Information" [DE 75] and then with a "Supplement Motion to Alter or Amend A Judgment." [DE 76.] The basis for his motions is that, while he had previously stated that he intended to file a petition for post-conviction relief ("PCR petition") on the grounds that he had ineffective assistance of counsel in his criminal case, he has now actually filed a PCR

petition in Indiana state court. [DE 76.] Allstate has not responded to these motions, but they are ripe for decision and may be decided without its input.

## Discussion

"A Rule 59(e) motion will be successful only where the movant clearly establishes: '(1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.'" *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (quoting *Blue v. Hartford Life & Accident Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012)). Richardson says that because now, after judgment has been entered in this case, he has filed a PCR petition seeking collateral review of his underlying state court criminal conviction, I should reconsider my summary judgment ruling (and presumably reverse it and grant his motion to stay this case). [*See* DE 71, 72, 75, 76.]

The problem, however, is that the mere fact that Richardson has *filed* a PCR petition does not undercut the finality of his criminal conviction. "Indiana courts rely on the American Law Institute's Restatement (Second) of Judgments, section 13" in determining whether a judgment is final. *Mains v. Citibank, N.A.*, 852 F.3d 669, 676 (7th Cir. 2017) (*Johnson v. Anderson*, 590 N.E.2d 1146, 1149 (Ind. Ct. App. 1992)). And according to the Restatement "a judgment otherwise final remains so despite the taking of an appeal." Restatement (Second) of Judgments § 13 (1982). Courts within this circuit uniformly treat other forms of collateral review (such as petitions for writs of habeas corpus or PCR petitions) in the same manner as appeals for purposes of collateral estoppel. *E.g.*, *Doe v. Cotterman*, No. 17 C 58, 2018 WL 1235014, at *9 (N.D. Ill. Mar. 9,

2018) ("[T]his argument falls flat. Cotterman's appeal, let alone his habeas petition, does not affect the finality of his criminal judgment for purposes of issue preclusion."); *S.E.C. v. Durham*, No. 111CV00370JMSTAB, 2017 WL 3581640, at *7 (S.D. Ind. Aug. 18, 2017) ("If a direct appeal is no bar to collateral estoppel, it logically follows that a § 2255 Motion is also not a bar to collateral estoppel."); *S.E.C. v. Black*, No. 04 C 7377, 2008 WL 4394891, at *1, n.1 (N.D. Ill. Sept. 24, 2008) ("Collateral estoppel is only affected if and when. . . a court in a collateral proceeding (*see, e.g.*, 28 U.S.C. § 2255) modifies the judgment that has been entered."). "Final judgment in a criminal case means sentence. The sentence is the judgment." *Bradley v. United States*, 410 U.S. 605, 609 (1973) (citation omitted). This body of law forecloses the relief Richardson is now seeking.

Of course, this begs the question: what happens if Richardson is in fact successful in his PCR petition and gets his conviction overturned? If that happens, Richardson will not be without a remedy:

> If, when the earlier judgment is set aside or reversed, the later judgment is still subject to a post-judgment motion for a new trial or the like, or is still open to appeal, or such a motion has actually been made and is pending or an appeal has been taken and remains undecided, a party may inform the trial or appellate court of the nullification of the earlier judgment and the consequent elimination of the basis for the later judgment. The court should then normally set aside the later judgment. When the later judgment is no longer open to a motion for a new trial or the like at the trial court level, nor subject to appeal, the fact of the nullification of the earlier judgment may be made the ground for appropriate proceedings for relief from the later judgment with any suitable provision for restitution of benefits that may have been obtained under that judgment.

Restatement (Second) of Judgments § 16. Several other courts have recognized this as the correct course of action. *E.g.*, *Domino's Pizza, Inc. v. Friedland*, No. 87 C 8663, 1991

WL 192154, at *1 (N.D. Ill. Sept. 26, 1991) (striking three year old order granting summary judgment based on state court criminal conviction after state court criminal conviction was reversed by appellate court); *see also Shaffer v. Smith*, 673 A.2d 872, 875 (Pa. 1996) ("We recognize that the subsequent appellate reversal of a criminal conviction will nullify the evidentiary foundation upon which a civil judgment is predicated. This problem, however, is capable of being resolved in a fashion that would afford a defendant a remedy.") (citing Restatement (Second) of Judgments § 16). Thus, Richardson can file a motion for relief from judgment under Federal Rule of Civil Procedure 60(b) if his conviction itself is overturned, but he may do so only when that conviction is in fact overturned, amended, or otherwise no longer a final judgment.

## Conclusion

For the foregoing reasons, plaintiff Matthew Richardson's motions to alter or amend the judgment in this case [DE 71, 72] are DENIED.

SO ORDERED on September 5, 2019.

/s/ Philip P. Simon\_\_\_
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT